R. W. SEBREE *v.* JEREMIAH GARVEY.

**Guaranty of Title—Eviction—Pleading.**

> Before the holder of a guaranty of title can enforce his guaranty he must be able to show that he has been evicted, and where he avers in his petition that he has regained the land without specifying in what manner he did so, the court will presume his title received from his grantor has been held good and was shown to be a valid title, and that his eviction was either the result of his own laches or under an invalid judgment, and in either case he has no right of action against his guarantor.

APPEAL FROM OWEN CIRCUIT COURT.

November 29, 1876.

OPINION BY JUDGE COFER:

We construe the writing sued upon as importing nothing more than a guaranty of the title to the land sold by O'Neal to the appellant. The obligors bound themselves to the appellant in the sum of $4,780 in case he was dispossessed of the land, or in any way damaged about the title, but it was only given to bind them in case the land was lost in any suit that might come against it. The subsequent provision that they were only to be bound in the amount of damages he might sustain in any suit that might come against the land, is not an independent covenant, but is a limitation of their liability to such damage as he might sustain by the loss of the land or some part of it.

The appellant does not allege that he was evicted by one claiming under a title paramount to the title of O'Neal, nor does he allege that O'Neal's title was defective; and as no such allegation is made, the allegation of eviction is not sufficient without also alleging that O'Neal was a party to the suit or had notice of it.

The appellant alleges that he has regained the land and that his title has been quieted, and only asks to recover the rent paid while he was in possession under a contract with the heirs of Nicholas, and for his trouble and expenses in regaining the land. He does not allege upon what title he regained the land, and we must therefore presume that he did so under the title acquired from O'Neal, and as he recovered on that title we are bound also to assume that it was a valid title, and that his eviction was either the result of his own laches or under an invalid judgment, and in either case he has no right of recovery against the appellee.

Wherefore the judgment is *affirmed*.

*Cox & Donaldson, for appellant.*

*Strother & Orr, Joe Blackwell, for appellee.*